### Application of SAVOY HOTEL.

Railroad & Public Utilities Commission.

April 15, 1954.

Sidney M. Aronovitz of Aronovitz, Aronovitz & Caidin, Miami, and T. T. Turnbull of Turnbull & Pepper, Tallahassee, for the applicant.

John H. Wahl, Jr. of Walton, Hubbard, Schroeder, Lantaff & Atkins, Miami, for the telephone company.

John C. Reed and George E. Owen, Assistant Attorneys General, for the State.

Chairman JERRY W. CARTER and Commissioners WILBUR C. KING and RICHARD A. MACK each participated in the disposition of this case.

## BY THE COMMISSION.

The facts in this case are not in dispute. The Savoy Hotel, at 252 N. W. Second St., Miami, had three telephones—a semi-public telephone (no. 2-8827) adjacent to the hotel desk, and the two public telephones (nos. 2-9433 and 2-9475). These telephones were used for gambling purposes by one Earnest Hewson, whose wife had formerly managed the hotel. Such was done with the knowledge of the manager, Martin M. Goldwyn. The semi-public telephone was removed by the telephone company upon demand of the Attorney General because of such unlawful use after the circuit court of Dade County (Judge Giblin) on March 5, 1954 dissolved a temporary injunction in chancery case #166,914-H. The two public telephones were removed by the company of its own accord at the same time. Thereafter the hotel's state license was suspended and the same court (Judge Carroll), in another case, on March 8, 1954, entered an order permitting the guests to remain in the hotel 15 days pending the hearing on this application.

The owner of the hotel is a Florida corporation, but the officers and stockholders are nonresidents of the state. Apparently they had no knowledge of the unlawful use of the telephones—and the president, a retired rear admiral in the Navy (who is one of the principal stockholders) testified to having discharged the manager when the incident occurred, and he assured the commission there will be no recurrence of unlawful use of the telephone if reinstalled The hotel has 116 rooms occupied for the most part by elderly retired or working people, and cannot be operated without some telephone service.

As we have said in previous cases of this nature, the owners of property are under an obligation to see that their property is not used contrary to the laws and public policy of this state. The owners of a place of business must exercise proper care to see that tele-

phone services and facilities supplied to such business are not used for illegal purposes if they wish to avoid the risk of being deprived thereof.

We find from the record herein that applicant is not entitled to the immediate reinstatement of telephone service; that it has failed to justify such immediate reinstatement. It is further the opinion of the commission that applicant should be deprived of telephone service for a period of 90 days from the date of discontinuance thereof on the Attorney General's demand. We believe that if applicant is deprived of such facilities for such period of time it will not permit them to be used in the future in violation of the laws and public policy of this state.

It is therefore ordered that the application be and it is granted, as above limited, and that Southern Bell Tel. & Tel. Co. be and it is hereby authorized to reinstall said telephone service at the expiration of 90 days from the date of discontinuance upon proper application being made therefor, in conformity with its usual and customary business practices relating to the installation of telephone service.